UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JAMES EMERSON DAVIS,  No. 16-10249

                Debtor(s).
_____/

JAMES EMERSON DAVIS,

                Plaintiff(s),

    v.  A.P. No. 16-1032

U.S. BANK, N.A.,

                Defendant(s).
_____/

Memorandum re Abstention
_____

      A few years prior to his Chapter 11 bankruptcy, debtor James Emerson decided that he did not have to make his mortgage payments to U.S. Bank because the Bank could not prove it was the holder of his note. Davis filed a lawsuit against the Bank in state court so alleging. On July 9, 2015, the state court granted summary judgment in favor of the Bank. Davis has appealed the decision, and the matter is now pending in the California Court of Appeal.

      On March 25, 2016, Davis filed his Chapter 11 petition. A month later, he commenced this

1

adversary proceeding making the allegations that he made in state court. Arguing that principles of issue and claim preclusion do not apply because the state court judgment is not final, he has filed a motion for summary judgment asking this court to make a contrary ruling.

The court is in no way inclined to grant Davis' motion on the merits, as it appears, as the state court observed, "USB has established by competent admissible evidence that the original note and deed of trust have been transferred to it through a series of recorded assignments." However, if the court were to rule on the merits the court would only be allowing Davis to unnecessarily multiply the litigation and create two appellate tracks, one in state court and one in federal court. Since the entire dispute is governed by state law and is already pending in state court, it would be inappropriate for this court to hear the merits of the case.

For the foregoing reasons, the court finds it appropriate to abstain from hearing this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1), in the interests of both justice and comity with the state courts. The court will accordingly enter an order dismissing this adversary proceeding without prejudice to pending state court proceedings.

Dated: July 29, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge

2